UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY LEON SPARKMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:22-CV-86-SPM |
| STAN PAYNE, | ) ) ) |
| Respondent. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon a letter, dated May 8, 2022, filed by self-represented petitioner Rodney Leon Sparkman. ECF No. 12. The Court has construed this letter as a response to the February 2, 2022 Order to Show Cause. The Court has reviewed and considered petitioner's response, and has determined that the petition should be summarily dismissed.

**Background**

On January 21, 2022, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition indicated he was an inmate incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. *Id.* at 1. He alleged one ground for relief: "Sentence is Illegal (Violation of my Constitutional Rights)." *Id.* at 4. He explained: "I was made to comply with probation for almost seven years before I was revoked and sent to prison." *Id.* He clarified he was "not appealing [his] conviction. Just the execution of [his] sentence[.]"

Petitioner pled guilty to felonious restraint on December 6, 2015 and was sentenced to a three-year term of imprisonment and five-year supervised release. Petitioner was given a Suspended Execution of Sentence ("SES") and placed on probation. His probation was subsequently revoked and he was remanded into custody. His petition appeared to indicate his

probation was revoked on December 15, 2021, and he was presently in the process of appealing his sentence in state court. The form petition asks: "Did you seek review by a higher state court?" Petitioner wrote, "I am now" *Id.* at 2.

On February 2, 2022, the Court reviewed the § 2254 petition and entered an Order directing petitioner to show cause as to why this action should not be dismissed for failure to exhaust state remedies. ECF No. 4. The Court explained, in part:

> [I]f a person receives an SES and is placed on probation, violates the conditions of his probation, has his probation revoked, and his sentence is executed, he may pursue § 2254 relief *after* exhausting state remedies by filing a state habeas petition under Rule 91 in the circuit or associate circuit court of the county where he is in custody. *See* Mo. S. Ct. R. 91.01(a). Thus, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *See Upchurch v. Redington*, 2018 WL 6046411 (E.D. Mo. Nov. 19, 2018).
>
> Here, petitioner has not established that he exhausted his state remedies concerning his conviction, sentencing, or probation revocation. The Court can find no evidence that petitioner has raised the arguments which he brings here before a Missouri state court. As such, it appears petitioner has not completed the "one full round of litigation" necessary to satisfy the exhaustion requirement. *See e.g.*, *See Jones v. Solem*, 739 F.2d 329, 331(8th Cir. 1984) (affirming dismissal, without prejudice, of a § 2254 petition due to petitioner's failure to exhaust state remedies where petitioner's appeal from the denial of a state post-conviction action was still pending in state court when he filed his federal habeas action); *Hardene v. Young*, 2008 WL 681702, at *3 (E.D. Mo. Mar. 6, 2008) (dismissed § 2254 petition challenging a probation revocation for failure to exhaust where petitioner filed a state habeas corpus action, but the state court had yet to make a determination).

*Id.* at 3-4. Plaintiff was provided with thirty days, or until March 4, 2022, to file a response.

On February 28, 2022, petitioner filed a notice of change of address indicating he was moved to another facility. ECF No. 6. He did not state the exact date of his transfer. Due to the uncertainty of the date when petitioner moved facilities, the Court resent him a copy of Show Cause Order and gave until April 26, 2022 to file a response. ECF No. 7. Three days later, the Court received a second notice from petitioner indicating his address had changed again. ECF No. 8. On April 12, 2022, the Court's mail was returned as undeliverable. ECF No. 9. The Court resent

2

the Show Cause Order to petitioner based on the second notice of change of address. On April 21, 2022, the mail was once again returned as undeliverable. On April 29, 2022, petitioner submitted a third notice of change of address. ECF No. 11. The Court resent the Order to petitioner on May 2, 2022.

On May 11, 2022, the Court received the instant letter from petitioner. ECF No. 12. Plaintiff appears to confirm he received the Show Cause Order, stating: "I received your correspondence on 5-5-22." Thus, the Court will interpret the letter as a formal response to the Court's Order directing petitioner to show cause as why the petition should not be dismissed under 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust available state remedies.

Within the letter, petitioner states he "tried to gain justice in state court and was denied." Plaintiff asserts he was "threatened and co[]er[c]ed to drop [his] appeal" for his conviction. He does not state, however, that he has attempted to contest his probation revocation in state court by filing a state habeas corpus petition. He claims he "never kidnapped anyone," but "[a]ll that [he is] asking for is for [his] probation to finally end" so he can "be off of parole five months early." *Id.* at 1-2.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears the petitioner is not entitled to relief. In order for a state prisoner to obtain review under 28 U.S.C. § 2254, he must have fully exhausted all remedies available in the state courts for all his alleged federal habeas grounds. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Sloan v. Delo,* 54 F.3d 1371, 1381 (8th Cir. 1995). A failure to raise a claim in the state courts erects a procedural bar to relief in the federal court. *See Sweet v. Delo,* 125 F.3d 1144, 1149-51 (8th Cir. 1997).

To exhaust a challenge to probation revocation proceedings in Missouri, a petitioner must first file a state habeas corpus petition under Missouri Supreme Court Rule 91 in the circuit or associate circuit court of the county where he is in custody. Mo. S. Ct. R. 91.01(a). *See Romano v. Wyrick*, 681 F.2d 555, 556-57 (8th Cir. 1982); *see also Brown v. Missouri Bd. of Prob. & Parole*, 727 F. Supp. 524, 531 (W.D. Mo. 1989). Consequently, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *Romano*, 681 F.2d at 556-57. There is no time limit for filing a Rule 91 state habeas petition. *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1030 (E.D. Mo. 2003).

Here, petitioner states he is challenging the execution of his sentence resulting from a probation revocation, not his conviction. *See* ECF No. 1 at 4. He has not shown, however, that he exhausted his state remedies prior to filing the instant petition, which amounts to procedural default. *See Williamson v. Minor*, 2010 WL 681376, at *4 (E.D. Mo. Feb. 22, 2010) (petitioner's failure to file a state habeas petition to contest his probation revocation is procedural default and subject to dismissal). Therefore, petitioner's claims relating to his parole revocation are not yet exhausted and cannot be brought in this Court.

To the extent petitioner is not actually seeking to challenge his probation revocation, but merely seeks this Court to "end his probation," such a request cannot be granted. The federal habeas corpus statute grants authority to this Court to consider an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(s). In other words, grounds that do not state a denial of a constitutional issue are not cognizable in a federal habeas petition. *See e.g., Gee v. Groose*, 110 F.3d 1346, 1351–52 (8th Cir. 1997). For example, a purely state law claim is not cognizable under the federal habeas corpus statute. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Here,

petitioner's request for this Court to end his probation so he can "be off of parole five months early" is not a request that this Court has authority to grant.

For the aforementioned reasons, petitioner's application for writ of habeas corpus will be denied and dismissed. Additionally, the Court finds petitioner has failed to make a substantial showing of the denial of a constitutional right. In consequence, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Rodney Leon Sparkman's application for writ of habeas corpus is **DENIED and DISMISSED** without prejudice. [ECF No. 1]. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 17th day of May, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE